IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15cv242

| | |
|---|---|
| RITA KOTSIAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| CMC II, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is Motion to Dismiss [# 31] filed by Defendant ESIS ("Defendant"). Plaintiff, who is proceeding *pro se,* brought this action against Defendants asserting claims of discrimination pursuant to Title VII of the Civil Rights Act of 1964 and the Americans with Disability Act of 1990. Defendant moves to dismiss the claims asserted against it in the Complaint. Upon a review of the record, the parties' briefs, and the relevant legal authority, the Court **RECOMMENDS** that the District Court **GRANT** the motion [# 31].

**I.    Legal Standard**

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendant's motion, the Court accepts the allegations in

the Complaint as true and construes them in the light most favorable to Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

**II.     Analysis**

**A. Plaintiff Failed to Exhaust her Administrative Remedies**

Before a plaintiff files suit under Title VII or the ADA, he or she must first file a charge of discrimination with the EEOC. Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009); Feldman v. Law Enf't Assocs. Corp., 779 F. Supp. 2d 472, 485-86 (E.D.N.C. 2011); see also 42 U.S.C. § 12117(a) (incorporating the procedural requirements of Title VII to ADA claims). "The filing of an administrative charge is not simply a formality to be rushed through so that an individual can quickly file his subsequent lawsuit. Rather, Congress intended the exhaustion requirement to serve the primary purposes of notice and conciliation." Chacko v. Patuxent Inst., 429 F.3d 505, 510 (4th Cir. 2005). The EEOC charge defines the scope of a plaintiff's right to bring a subsequent civil action in federal

court. Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002). If a plaintiff fails to file a charge of discrimination and exhaust her administrative remedies, a federal court lacks subject matter jurisdiction over the claim of discrimination. Jones, 551 F.3d at 300.

A plaintiff, therefore, is generally limited to the allegations contained in the administrative charge of discrimination in a subsequent federal lawsuit. Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996); Chacko, 429 F.3d at 509 ("Our cases make clear that the factual allegations made in formal litigation must correspond to those set forth in the administrative charge."); Jones, 551 F.3d at 300 ("The scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents."). This includes limiting a plaintiff to only asserting Title VII or ADA claims against a defendant who was named in the plaintiff's charge of discrimination with the EEOC. See Causey v. Balog, 162 F.3d 795, 800-01 (4th Cir. 1998); Tuttle v. Anuvia Prevention & Recovery, No. 3:13CV134-GCM, 2013 WL 3899666, at * 2 (W.D.N.C. Jul 29, 2013) (Mullen, J.); McDaniel v. Greyhound Lines, Inc., No. 3:08-cv-130-FDW, 2008 WL 2704774, at * 2 (W.D.N.C. Jul. 7, 2008) (Whitney, J.).

Plaintiff's Charge of Discrimination does not name Defendant ESIS.[1]

---

1  The Court may consider Plaintiff's Charge of Discrimination in considering a motion to dismiss without converting the motion into a motion for summary judgment. See Feldman, 779 F. Supp. 2d 472, 502 n.7 (collecting

Rather, the Charge of Discrimination names Consulate Management Co., as well as several alleged affiliate corporate entities.   As Plaintiff acknowledges in the Complaint, Defendant ESIS is the workers' compensation carrier involved in the workers' compensation claim Plaintiff filed before the North Carolina Industrial Commission.  And Plaintiff has not demonstrated that Defendant ESIS is substantially or functionally identical to the respondents named in the Charge of Discrimination, such that Plaintiff could maintain an action against Defendant ESIS despite failing to include it as a respondent.  See Mayes v. Moore, 419 F. Supp. 2d 775, 782-83 (M.D.N.C. 2006).  Accordingly, Plaintiff's ADA and Title VII claims asserted against Defendant ESIS are subject to dismissal for failure to exhaust administrative remedies.

**B. The Complaint Fails to State a Claim against Defendant ESIS**

Even if Plaintiff had exhausted her administrative remedies, the claims against Defendant ESIS would still be subject to dismissal for failure to state a claim.  Title VII and the ADA both limit limitability to employers.  Butler v. Drive Auto. Indus. of Am., Inc., 793 F.3d 404, 408 (4th Cir. 2015) ("An entity can be held liable in a Title VII action only if it is an 'employer' of the complainant."); Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999) (applying Title VII's

---

cases).

definition of employer to ADA claim). Plaintiff alleges that she was employed by Defendant Consulate Healthcare. The Complaint is devoid of any factual allegations that Plaintiff was employed by Defendant ESIS. In fact, the Complaint alleges that Defendant ESIS is a workers' compensation insurance carrier, presumably for Defendant Florida Healthcare Properties, LLC. Absent allegations that Defendant ESIS was Plaintiff's employer, Plaintiff's Title VII and ADA claims are subject to dismissal. Finally, Plaintiff may not correct the Complaint's deficiencies by offering conclusory allegations that contradict the factual allegations in the Complaint in her response to the Motion to Dismiss. The Court, therefore, finds that the claims asserted in the Complaint against Defendant ESIS would be subject to dismissal even if Plaintiff had exhausted her administrative remedies.

## IV. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 31] and **DISMISS** the claims asserted in the Complaint as to Defendant ESIS.

Signed: September 29, 2016

Dennis L. Howell
United States Magistrate Judge

**Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).