IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15 CV 242

| | |
|---|---|
| RITA KOTSIAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| CMC II, LLC, LA VIE CARE CENTERS, ) | |
| d/b/a CONSULATE HEALTH CARE, ) | |
| CONSULATE MANAGEMENT COMPANY, ) | |
| FLORIDA HEALTH CARE PROPERTIES, ) | |
| LLC, and ESIS, ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is the Plaintiff's Motion to Compel (#37) requesting an Order directing Defendants to fully respond to her Interrogatories and Request for Production of Documents. Defendants CMC II, LLC, La Vie Care Centers, Consulate Management Company, and Florida Health Care Properties, LLC (collectively, "Defendants") filed Responses to the Motion to Compel (#42) on September 12, 2016, and Plaintiff filed her Reply (#43) on September 12, 2016. The Court allowed Defendants to file a Surreply (#49), which Defendants filed on September 26, 2016. On October 5, 2016, and October 6, 2016, the Court held a hearing on the Motion and orally granted in part and denied in part the Motion. The Court now enters this written Order to memorialize the Court's prior oral Order. The

1

Court **GRANTS in part** and **DENIES in part** the Motion to Compel (#37).

## I. Background

Plaintiff alleges Defendants discriminated against her by allegedly failing to provide reasonable accommodations in the workplace for Plaintiff's disability. In addition, Plaintiff alleges Defendants harassed her and wrongfully terminated her employment. Defendants deny the allegations.

Specifically, Plaintiff alleges that she was injured on August 17, 2011, while working as a physical therapist for one of the Defendant's predecessor companies. While Plaintiff's workers compensation claim was pending, Plaintiff alleges that Defendant Consulate Health Care offered Plaintiff a job as a "Chart Audit and Appeals Specialist" that was to begin on January 20, 2014. Plaintiff alleges that she requested accommodations be made to her job because the job required her to perform tasks that were outside of her physical limitations, but Defendants refused to make the accommodations. Thereafter, Defendants terminated Plaintiff's employment.

After bringing this action, Plaintiff served her Interrogatories and Request for Production of Documents on Defendants La Vie Health Care Centers and Florida Health Care Properties, LLC on May 24, 2016. La Vie Health Care Centers and Florida Health Care Properties, LLC served their Responses and Objections on June 27, 2016. Plaintiff served her Interrogatories and Request for Production of

Documents on the Defendants CMC II, LLC and Consulate Management Company on July 5, 2016. CMC II, LLC and Consulate Management Company served their Responses and Objections on August 8, 2016. La Vie Health Care Centers supplemented its Response on September 1, 2016. Defendant CMC II, LLC supplemented its Response on September 26, 2016. Finally, La Vie Health Care Centers served a second supplemental Response on September 26, 2016.

The Plaintiff also served Interrogatories and Request for Production of Documents upon Defendant ESIS. ESIS is the workers compensation insurance carrier defending the workers compensation claim of the Plaintiff. After discovery in this case commenced, Defendant ESIS filed a Motion to Dismiss, the Court recommended that the District Court grant. On September 30, 2016, this Court entered an Order staying the Motion to Compel of the Defendant as to ESIS pending the District Court ruling on any objections to the Memorandum and Recommendation.

Plaintiff contends in her Motion to Compel that Defendants did not fully and completely answer or respond to the discovery requests and that the answers and responses were evasive or incomplete. Plaintiff also contends the Defendants did not file a privilege log as required by the Fed.R.Civ.P. 26(b)(5)(A).

**II.     Legal Standard**

Generally speaking, parties are entitled to discovery regarding any non-privileged matter that is relevant to any claim or defense. Fed.R.Civ.P. 26(b)(1) states:

> **(1) Scope in General.** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Where a party fails to respond to an interrogatory or a request for production of documents, the party seeking discovery may move for an order compelling an answer to the interrogatories or the production of documents responsive to the request. Fed.R.Civ.P. 37(a)(3)(B). "Over the course of more than four decades, district judges and magistrate judges in the Fourth Circuit…have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010) (collecting cases); Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D. 238, 241 (E.D.N.C. 2010).

Rule 26 (b)(5) provides that when a party withholds discoverable information on the ground that the information is privileged, the party must: (1) expressly assert the claim; and (2) "describe the nature of the documents, communications, or

tangible things not produced or disclosed---and do so in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed.R.Civ.P. 26(b)(5)(A). Typically, this description takes the form of a privilege log. Mezu v. Morgan State Univ., 269 F.R.D. 565, 577 (D.Md.2010); Smith v. Café Asia, 256 F.D.R. 247, 250 (D.D.C. 2009). "A party simply cannot claim privilege and refuse to provide a privilege log; indeed, some courts have found that doing so results in waiver of the privilege." Travelers Indenmity Co. v. Allied Tube & Conduit, Corp. No. 1:08cv548, 2010 WL 272579, at (W.D.N.C. Jan. 15, 2010) (Howell, Mag. J.); Mezu, 269 F.R.D. at 577 ("a privilege log…must accompany a written response to a Rule 34 document production request, ad a failure to so may constitute a forfeiture of any claims of privilege."); AVX Corp. v. Horry Land Co., Inc., No. 4:07cv3299, 2010 WL 4884903, at (D.S.C. Nov. 24, 2010) ("Failure to produce a timely or sufficient privilege log may constitute a forfeiture of any claims of privilege.")

**III. Analysis**

At the hearing, the Court addressed each of the Interrogatories and Request for Production and the Responses made by the Defendants and orally ruled on each interrogatory and each request for production of documents. The Court now enters this Order to perfect the record.

**A. Interrogatories and Request for Production to CMC II, LLC**

*(a)    Interrogatories*

No. 1: The objection to the number of employees is overruled and Defendant will be required to provide to the Plaintiff the number of employees for 2013, 2014 and 2015. The objection to the names of all corporate affiliations, officers and board members is overruled and Defendant will be required to produce to the Plaintiff the names of all corporate affiliations, officers and board members of CMC II, LLC for the years 2011, 2012, 2013, 2014, 2015 and 2016.

No. 2: The Court finds this interrogatory has been answered by the Defendant.

No. 3: This objection of the Defendant is overruled and the Defendant will be required to provide the date of the promotion of Crystal Maldonado to corporate resource manager.

No. 4: The Court finds the supplemental response of the Defendant answers this interrogatory.

No. 5: The Court sustains the objection of the Defendant. The Court has considered the factors as set forth in Rule 26(b)(1) and finds that this interrogatory has no relevance to the claims asserted in Plaintiff's Complaint.

No. 6: The Court sustains the objection of the Defendant. The Court has considered the factors as set forth in Rule 26(b)(1) and finds that this interrogatory has no relevance to the claims asserted in Plaintiff's Complaint.

No. 7: The objection of Defendant to this interrogatory is overruled. Defendant is ordered and required to answer this interrogatory fully and completely, including the dates and the name of the person who told Mr. Hager to tell employees not to assist the Plaintiff. This should include the names and address of any attorney or counsel who gave this instruction to Mr. Hager.

No. 8: The Court finds that this interrogatory has been answered fully and completely.

No. 9: The Court finds that this interrogatory has been answered fully and completely.

No. 10: The Court finds that this interrogatory has been answered fully and completely.

No. 11: The Court finds that this interrogatory has been answered fully and completely.

No. 12: The Court finds that this interrogatory has been answered fully and completely.

No. 13: The Court finds that this interrogatory has been answered fully and completely.

No. 14: The Court finds that this interrogatory has been answered fully and completely.

No. 15: The Court finds that the objection of the Defendant to this interrogatory is sustained. The Court has considered the factors as set forth in Rule 26(b)(1) and finds that this interrogatory has no relevance to the claims asserting in Plaintiff's Complaint.

*(b)   Request for Production of Documents*

No. 1: The Court overrules the objection. Defendant is hereby ordered to produce the job description for Crystal Maldonado for the period from January 1, 2014 to July 1, 2014.

No. 2: The Court sustains in part and overrules in part the objection of Defendant to this request for production of documents. The Court sustains the objection for the request for production of documents for the period from 2007 through 2013. The Court overrules the objection and orders Defendant to produce the income statement and balance sheets of CMC II,

LLC for the years 2014, 2015 and 2016.

No. 3: The Court overrules the objection of Defendant and orders Defendant to produce all policies and procedures regarding leave as a reasonable accommodation under the ADA for employees that have doctor's orders taking them out of work or limiting their hours and prescription drug use for the years 2013, 2014, 2015 and 2016. The Defendant is to produce these documents in paper form and mail them to Plaintiff and produce and certify that they have sent the documents to the Plaintiff.

No. 4 The Court overrules the Defendant's objection to this request for both subparts A & B of the request. For Part A, the Defendant is specifically directed to produce in writing to the Plaintiff the entire personnel file concerning Plaintiff's employment, including but not limited to, performance evaluations, taking leave, and any communications between the Defendant and the Plaintiff. For Part B, the Defendant is to produce the entire personnel file concerning the employment of the Plaintiff, including but not limited to, employment applications, initial injury of the Plaintiff, time sheets, chart review records, payroll records, phone call records, and communications of the Plaintiff with Susan Musgrove. It is further directed that Defendant's counsel is to personally examine these documents and files, not rely upon statements made by the Defendant regarding the employment file. If Defendant contends the employment file contains documents that are privileged, Defendant's counsel must present a privilege log. Defendant is further ordered to present a certification that all documents have been provided in paper form to the Plaintiff.

B. **Interrogatories and Request for Production of Documents to Consulate Management Company, LLC**

*(a)   Interrogatories*

No. 1: The objection of the Defendant is overruled in part and sustained in part. The Defendant shall provide in detail complete answers to the interrogatories for the period from 2013,

2014, 2015, and 2016. The answers shall incorporate the answer of Consulate Management Company, LLC or Consulate Health Care or any company under the Consulate umbrella.

No. 2: The Court finds this interrogatory has been answered.

No. 3: The Court finds this interrogatory has been answered, but the answer is incomplete. Defendant's counsel will be required to search the records of Defendant and provide supplemental answers to this interrogatory. Defendant's counsel is to examine the records to see if there are documents related to telephone calls between the Plaintiff and Defendant or any employee of Defendant or any company under the Consulate Health Care umbrella for the dates of February 13, 2014, and February 19, 2014 concerning conversations between the Plaintiff and Susan Musgrove.

No. 4: The Court finds that this interrogatory has been answered, but the answer is incomplete. Defendant is directed to provide the telephone number and address of Work Comp Strategic Solutions and also the address and telephone number of Kelly Ongie.

No. 5: The Defendant's objection to this interrogatory is overruled. Defendant is required to provide the name and address of counsel who provided advice or gave instructions to Debra Mason to hire the Plaintiff.

No. 6: The Court finds this interrogatory has been answered.

No. 7: The Court overrules in part the objection of the Defendant. Defendant and any company under the Consulate Health Care umbrella shall identify all human resource personnel responsible for managing requests for accommodations for the Plaintiff for the period from January 1, 2014, to April 30, 2014. Otherwise, the objection of Defendant is sustained.

No. 8: The objection of Defendant is sustained. The Court has considered the factors as set forth in Rule 26(b)(1) and finds that this interrogatory has no relevance to the claims asserted in Plaintiff's Complaint.

No. 9: The objection of the Defendant to interrogatory No. 9 is sustained. The Court has considered the factors as set forth in Rule 26(b)(1) and finds that this interrogatory has no relevance to the claims asserted in Plaintiff's Complaint.

*(b)    Request for Production of Documents*

No. 1: The Defendant is ordered to produce the documents that would relate to the answers to interrogatories that Defendant is required to answer as set forth in this Order.

No. 2: The objection of Defendant is sustained in part and is overruled in part. Defendant will be required to supplement its responses regarding any telephone calls made between the Plaintiff and Susan Musgrove for the dates of February 13, 2014 and February 19, 2014 and provide any documents that relate in any way to those calls. Should there be any privileged communications of the Defendant or any company under the Consulate Health Care umbrella, Defendant's counsel will be required to provide a privilege log.

No. 3: The objection of Defendant to this request for production of document is overruled. Both recorded calls and any records of any email communications are to be produced to Plaintiff, of any conversation between the Plaintiff and Susan Musgrove or Tom Hager. For any privileged communications, a privilege log must be provided by Defendant's counsel.

No. 4: The Defendant's objection to this request for production of document is sustained. The Court has considered the factors as set forth in Rule 26(b)(1) and finds that this request for production of documents has no relevance to the claims asserted in Plaintiff's Complaint.

No. 5: The Defendant's objection to this request for production of documents is overruled in its entirety. This Court finds that Defendant has falsely represented that it has no employees. The Court directs and orders that Consulate Health Care, Consulate Management Company, LLC or any other company or brand under the Consulate Health Care umbrella will provide to the Plaintiff all human resource policies and procedural manuals in force and effect from January 1, 2014, to the present, and include the date that those policies and procedures were enacted or adopted.

No. 6: The Court sustains the objection of Defendant for the documents for the period from 2007 through 2013. The Court overrules the objection of Defendant for the documents requested for the period from 2014, 2015, and 2016 for Consulate Management Company, LLC, Consulate Health Care or any other brand or company under the Consulate Health Care umbrella. Each company must produce their income statements and balance sheets for the periods of time as set forth above.

**C. Interrogatories and Request for Production of Documents to La Vie Health Care Centers, LLC**

*(a)    Interrogatories*

No. 1: The objection of the Defendant is sustained. The Court has considered the factors as set forth in Rule 26(b)(1) and finds that this interrogatory has no relevance to the claims asserted in Plaintiff's Complaint.

No. 2: The objection of the Defendant to this interrogatory is sustained. The Court has considered the factors as set forth in Rule 26(b)(1) and finds that this interrogatory has no relevance to the claims asserted in Plaintiff's Complaint.

No. 3: The objection of the Defendant as to this interrogatory is overruled as to the records of the Plaintiff's employment and termination. The objection is sustained as to all other records and persons. The Court directs that Defendant's

counsel is to review all records of the Defendant and to answer this interrogatory fully and completely.

No. 4: The objection of the Defendant is overruled in its entirety. Defendant is directed to answer the interrogatory fully and completely.

No. 5: The Defendant's objection to this interrogatory is overruled as to the identification of all of the officers and board members of La Vie Care Centers, LLC d/b/a Consulate Health Care and all officers and board members of all of their corporate affiliations for the years from January 1, 2014 through December 31, 2014.

No. 6: The Defendant's objection to this interrogatory is sustained.

No. 7: The objection to interrogatory No. 7 is overruled as to part one. The Defendant is required to identify the location of all medical charts audited by the Plaintiff when she was employed at Emerald Ridge Rehabilitation and Health Care Center during the months of January 2014 through March 2014 and all work related documents Susan Musgrove requested the Plaintiff to generate with regard to those charts. The objection of Defendant is sustained as to the additional portions and parts of this interrogatory.

No. 8: The objection of Defendant as to this interrogatory is overruled in part and sustained in part. Defendant's counsel shall be required to answer this interrogatory fully and completely, including any employees under the Consulate Health Care umbrella. Defendant and its counsel shall not be required to provide federal tax return information or numbers.

*(b) Request for Production of Document*

No. 1: The Plaintiff has agreed that these request for production of documents have been responded to, subject to the provisions of this Order.

No. 2: The Defendant's objection to this request is overruled in part and sustained in part. The Court directs the Defendant and any company under the Consulate Health Care umbrella to create the document requested by the Plaintiff and provide it to the Plaintiff. The objection of the Defendant and the companies under the Consulate Health Care umbrella is sustained as to the identification of agents, servants, employees, partners and attorneys.

No. 3: The objection of Defendant to this request for production of documents is overruled. The personnel file and all employment records of the Plaintiff produced by or in the possession of any company under the Consulate Health Care umbrella will be produced to the Plaintiff in paper form. The Defendant shall provide a privilege log as to any privileged material that Defendant contends is privileged.

No. 4: The objection of Defendant to this request for production of documents is overruled. The personnel file and all employment records of the Plaintiff produced by or in the possession of any company under the Consulate Health Care umbrella will be produced to the Plaintiff in paper form. The Defendant can provide a privilege log as to any privileged material that Defendant contends is privileged.

**D.** **Interrogatories and Request for Production of Documents to Florida Health Care Properties, LLC**

*(a)* *Interrogatories*

No. 1: The Court finds that the answer to this interrogatory is incomplete, nonresponsive, and inconsistent with known facts and documents that have been produced in this file. The Defendant will be required to answer the interrogatory fully and completely and Defendant's counsel will be required to find, discover and explain the answer to the interrogatory as to how and why it was represented to the North Carolina Industrial Commission that Florida Health Care Properties, LLC was the

employer of Plaintiff.

*(b)    Request for Production of Documents*

No.1: The Court finds that the response to this request for production of documents is incomplete, nonresponsive and inconsistent with known facts as shown by the documents produced in this file. The Defendant will be required to produce all documents and explain the answer to interrogatory No. 1 and show why it was represented to the North Carolina Industrial Commission that Florida Health Care Properties, LLC was the employer of Plaintiff.

**IV.    Award of Costs and Fees**

Rule 37 of the Federal Rules of Civil Procedure provides for an award of reasonable expenses, including attorney's fees in filing a motion to compel where the Court grants the motion or where discovery is provided after the filing of the motion. Fed. R. Civ. P. 37(a)(5)(A). Where the Court grants in part and denies in part the motion, the Court may apportion the reasonable expenses for the motion between the parties. Fed. R. Civ. P. 37(a)(5)(C).

Here, the Plaintiff is appearing without the benefit of counsel, therefore, the undersigned cannot award fees to the Plaintiff. In addition, the Court finds that the parties each have equal responsibility in this discovery dispute. Many of the interrogatories and requests were overly broad or were irrelevant to the issues presented in Plaintiff's Complaint. Similarly, Defendants should have produced a privilege log and should have responded to many of the interrogatories and requests

without the necessity for a court order. However, because the Court finds that the parties are equally to blame for this discovery dispute, the Court will not award expenses to either party. An award of fees in this case is not warranted.

V.      **Conclusion**

This Court **GRANTS in part** and part **DENIES in part** Plaintiff's Motion to Compel (#37) consistent with this Court's prior oral ruling and this Order.

Signed: November 21, 2016

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge