THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:15-cv-00242-MR-DLH

| | | |
|---|---|---|
| **RITA KOTSIAS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **CMC II, LLC, LA VIE CARE CENTERS,** | ) | |
| d/b/a Consulate Health Care, | ) | |
| **CONSULATE MANAGEMENT** | ) | |
| **COMPANY, FLORIDA HEALTH CARE** | ) | |
| **PROPERTIES, LLC, and ESIS,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on the Motion to Dismiss filed by the Defendant ESIS [Doc. 31]; the Magistrate Judge's Memorandum and Recommendation regarding the disposition of that motion [Doc. 50]; and the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 59].

Pursuant to 28 U.S.C. § 636(b) and a specific Order of referral of the District Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider the pending motion in the above-captioned action. On September 29, 2016, the Magistrate Judge filed a Memorandum and Recommendation [Doc. 50], in which the Magistrate Judge recommended granting the Defendant's Motion to Dismiss. The

parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. The Plaintiff timely filed her Objections to the Memorandum and Recommendation on October 13, 2016. [Doc. 59]. ESIS filed a Reply to the Plaintiff's Objections on October 31, 2016. [Doc. 63].

After careful consideration of the Plaintiff's Objections, the Court finds that the Magistrate Judge's proposed conclusions of law are correct and consistent with current case law. Accordingly, the Court hereby overrules the Plaintiff's Objections and accepts the Magistrate Judge's recommendation that the Defendant's Motion to Dismiss be granted.

In her Objections, the Plaintiff appears to argue in the alternative that the Court should permit her to amend her claims against ESIS. [See Doc. 59 at 21]. The Plaintiff's request is not well-taken. The Plaintiffs had twenty-one days from the filing of the Defendant's motion to dismiss to file an amended complaint as of right and to address any pleading deficiencies identified by the Defendant in its motion. See Fed. R. Civ. P. 15(a)(1)(B). Despite having the unilateral right to do so, the Plaintiff failed to amend her Complaint within the time required. Having failed to amend her pleading and to address the deficiencies identified by the Defendant, the Plaintiff left the Court with no option but to address the motion to dismiss on its merits. In so

doing, the Magistrate Judge engaged in a thorough analysis of the Plaintiff's claims and the factual allegations made in support thereof. The Plaintiff cannot now attempt to circumvent the Magistrate Judge's recommendation by seeking to amend her Complaint. See <u>Bailey v. Polk County</u>, No. 1:10cv264, 2011 WL 4565449, at *4 (W.D.N.C. Sept. 29, 2011). In any event, any such amendment would be futile, as the Plaintiff has not offered any plausible factual basis to support an allegation that ESIS was her employer or had any notice of the Plaintiff's EEOC Charge. For these reasons, the Plaintiff's request to amend her Complaint is denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections [Doc. 59] are **OVERRULED**; the Memorandum and Recommendation [Doc. 50] is **ACCEPTED**; the Defendant's Motion to Dismiss [Doc. 31] is **GRANTED**; and all of the Plaintiff's claims against the Defendant ESIS are hereby **DISMISSED**.

**IT IS SO ORDERED.**

Signed: December 19, 2016

Martin Reidinger
United States District Judge