# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:15cv242

| | |
|---|---|
| RITA KOTSIAS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )    **ORDER** |
| CMC II, LLC, et al., | ) |
| | ) |
|     Defendants. | ) |

_____

Pending before the Court is the Motion to Compel [# 72]. Plaintiff move the Court to compel Defendants to provide complete responses to discovery requests. The Court **DENIES** the motion [# 72].

## I.    Analysis

Rule 37 of the Federal Rules of Civil Procedure does not specify a specific time limit for the filing of a motion to compel. See Fed. R. Civ. P. 37; PCS Phosphate Co. v. Norfolk Southern Corp., 238 F.R.D. 555, 558 (E.D.N.C. 2006). Absent a specific order from the Court in the scheduling order, a party must generally move to compel a party to comply with a discovery request or to compel a deposition prior to the close of discovery or the motion is untimely. See Days Inn Worldwide, Inc. v. Sonia Invs., 237 F.R.D. 395, 397-98 (N.D. Tex. 2006) (collecting cases); Synovus Bank v. Karp, Civil Case No. 1:10-cv-00172, 2013 WL

4052625, at * 1 (W.D.N.C. Aug. 12, 2013) (Reidinger, J.); U.S. v. $28,720.00 in United States Currency, No. 1:13cv106, 2014 WL 1570925, at *1 (W.D.N.C. Apr. 17, 2014) (Howell, Mag. J.);  Wellness Group, LLC v. King Bio, Inc., No. 1:12cv281, 2013 WL 5937722, at *1 (W.D.N.C. Nov. 4, 2013) (Howell, Mag. J.); Murphy v. Auto Advantage, Inc., 2012 WL 28781, at *1 (W.D.N.C. Jan. 5, 2012) (Howell, Mag. J.); Rudolph v. Buncombe Cnty Gov't, No. 1:10cv203, 2011 WL 5326187 (W.D.N.C. Nov. 4, 2011) (Howell, Mag. J.).

Discovery in this case closed December 15, 2016.  (Order, Nov. 17, 2016, ECF No. 68.)  Summary Judgment motions were due on January 1, 2017. (Am. Pretrial Order, Oct. 11, 2016, ECF No. 58.)  Plaintiff filed her Motion to Compel December 28, 2016, after the close of discovery.   As the Pretrial Order warned the parties, "[m]otions to compel must be filed within the discovery period or they may be deemed waived."  (Pretrial Order, May 10, 2016 at p. 6, ECF No. 22.) One of the reasons for this rule is that filing a motion to compel after the closing of the discovery period does not provide this Court with sufficient time to rule on the motion prior to the expiration of the dispositive motion deadline.   At a minimum, parties must file any discovery motions prior to the close of discovery or this Court, as it has done in numerous cases, will find that the party waived the right to challenge the alleged discovery abuse.  Because Plaintiff failed to file her Motion to Compel within the discovery period, the motion is untimely, and the Court

**DENIES** the motion.

## II. Conclusion

The Court **DENIES** the Motion to Compel [# 72].

Signed: January 12, 2017

Dennis L. Howell
United States Magistrate Judge